Judge Buchner,
delivered the opinion of the court.
In October, 1806, Wm. Moore and John Gibson entered into a written contract,under theirhands and seals, evidencing an exchange of lands. Gibson thereby bound himself to convey to Moore, two hum dred and twenty five acres, in the connty of Knox* Moore was to convey to him sixty five acres, in the county of Woodford, “where Moses Moore then lived.” The deeds were to be made, as soon after the contract, as the parties could get plats or surveys of the lands to he conveyed. The writing containing the terms of the agreement, gives a very imperfect description of the boundary of the tract sold to Gibson. The survey was by said contract, “to begin at a white oak, dogwood and gum, running thence a kind of east course, to a hickory, on the old line, for quantity.”
In 1808, the contracting parties procured Fox, then surveyor of Woodford county, to make a survey of the land, which, according to their understanding of their agreement, Gibson was to have, who look possession of it, and occupied according to the survey so made, until he sold and made a deed of conveyance for it to Blanchard, and delivered the possession to him. Moore recognized the boundaries of the survey made by Fox as correct, by abstaining from thereafter, attempting to exercise acts of ownership, over any part of it; by permitting Gibson to use it, as his own; and by obtaining upon application to Gibson, his consent, to remove from it some rails, composing a fence, which had been put there by Moore, previous to the sale aforesaid.
After Blanchard had received the deed, he discovered that Moore had not conveyed it to Gibson, and in 1825, filed his bill, in chancery against the heirs of Moore {he having died) to compel a conveyance, Gibson also was made a defendant.
All the defendants who answered, acknowledge the justice of Blanchard’s demand, except James Moore; who claiming the land as devisee of his father, contests *472 it, upon the ground, that the survey as made by .Fox, was not in accordance with the written contract; and offers with his answer, a deed for other land, which he insists, is in pursuance of it.
TSirdf'to'dis-miss absolutely & bill for conveyance of -land, when it appears that complainant is entitled to a decree •either for the land or its price.
The proof, in the cause, shows that a part of the land embraced in the deed, thus tendered by James JVfoore, never belonged to his father; and that he himself has no title or claim of any kind to it; but that he wished to make a deed for it; that Blanchard might be put to his action of covenant-, Oil the warranty; the contract between Moore and Gibson, providing that if either tract should be lost, the party conveying it, should be liable to his vendee for §200 in trade, and interest thereon; a sum, it is probable, greatly below its present value.
For the laud in Knox, which Gibson was to convey to Moore, a deed of conveyance from Gibson and wife to Jesse Moore, to whom it was devised, by his father, is ■exhibited, having been duly admitted to record.
Upon the hearing of the cause, the circuit court dismissed the bill with costs, and Blanchard has appealed •to this court.
That the appellant is entitled to relief, and that the jeefee is therefore erroneous, there is not the slightest Tooth for doubt Whether the case Was not exhibited under a state of preparation too imperfect, to have author') ted the court to enter a decree in his favor, need not now be inquired into as the decree must he reversed, if upon no other ground, that the bill was dismissed ■absolutely, thereby precludinghim from redress by any ’other application, when it is apparent he is entitled to a decree, either for land or the price of it. It is inw 'practicable to come to any satisfactory conclusion, from the case as exhibited by the present record, what should, be the precise location of the sixty five acres.
From the proof in the cause, it appears that at the time of the contract, W. Moore owned no land in the neighborhood of the tract sold, except that which was embraced within the survey of one Craig, a part of which he had purchased, and was living on. The presumption is therefore very strong, that the intention of both Moore and Gibson, was to have the whole of the sixty five -acres to lie within the bounds of that part of *473 Craig’s survey, which Moore owned, for it is not to l>e presumed, that he would have been willing to sell; or that Gibson would have been willing to purchase land to which the vendor had no tide, bleither Craig’s original survey, nor that part of U which Moore owned is laid down. Where the whi.e oak, dogwood and gum, called for in the written contract stood, is not shown; nor can it be ascertained from the present record, where the hickory stood, on the old line, which was to be the second corner of the tract, and which is said to lie <la kind of east course,” from the beginning. The survey, as made by Fox, it is probable, included the place where Moses Moore lived, and was, we presume, within the bounds, of that part of Craig’s survey, which Moore owned. But these are points about which we are left to conjecture.
A written'66b° tract must be expounded by itself;'it cannot be diminished or add’d to by parol evidence, except, under cover of an ’alienation Of 'fraud or mistake.
Oriiimden, for appellant; Hewitt, for appellees.
The exposition of a written contract must depend oh itself. It cannot be diminished or added to, by parol evidence. It is true, it may be impeached on the ground of fraud or mistake, and parol evidence, is admissible, to show that through the one or the other of those means, something is improperly inserted or omitted; but this cannot be done, unless the fraud or mistake has been charged-. In this case, it is not pretended that there was either.
The beginning corner of the sixty five acres must, therefore be at the -white oak, dogwood and gum; the second corner must be at the hickory; because these were expressly agreed upon by the parties as corners.
The decree of the circuit court must he reversed’ , and the cause remanded for further proceedings to bé had, by permitting the parties to amend the pleadings, and to take such other steps, as may be necessary to present the case in an intelligible shape to the court; and for such decree to be entered as may be compatible with justice, and the principle of this opinion.